**STATE ex rel. MASTERSON, Plaintiffs-Appellants, v. OHIO STATE RACING COMMISSION et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5531.   Decided April 26, 1957.

George J. McMonagle, William E. Mahon, Michael T. Gavin, Cleveland, for plaintiffs-appellants.

William Saxbe, Atty. Genl., Hugh A. Sherer, Chief Counsel, James F. DeLeone, Asst. Atty. Genl., Columbus, for defendants-appellees.

(HORNBECK, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

By HORNBECK, J.

This is an appeal from an order of the Common Pleas Court sustaining a motion of defendants-appellees to strike a petition from the files and dismissing the petition.

Three errors are assigned:

1. The Court erred in sustaining the demurrer of the appellees to the petition of the plaintiffs.

2. The Court erred in granting the motion of the appellees to strike the amended petition of the plaintiffs from the files.

3. The orders of the Court with respect to items No. 1 and 2 are contrary to the law.

Without comment we hold against the first error assigned because the only demurrer sustained to a petition was to the first petition filed which was sustained, but plaintiffs' cause of action was not dismissed but leave was granted to file an amended petition. After the demurrer was sustained, Masterson, as plaintiff, filed another petition which was designated as an amended petition.

For full appreciation of the action of the trial judge to which the appeal is directed, it will be necessary to set forth chronologically the developments in the cause.

On January 27, 1956, a petition for injunction was filed on the relation of Charles P. Masterson, Sophie Borek, Georgeann Borek, Gerald Borek and Patrick Borek, minors of tender years, by Sophie Borek, their mother and next friend, all as citizens of the State of Ohio, against the Ohio State Racing Commission of the State of Ohio and the members thereof. The broad purpose of the petition was to prevent the respondents permitting horse racing for a stake, purse or award at which pari-mutuel or certificate type of wagering was authorized or permitted, upon the claim that the operation of such pari-mutuel system of betting was a lottery within contemplation of **Artivle XV. Section 6, Ohio Constitution** and prohibited thereby.

The eighth paragraph of the petition avers that all of the plaintiffs are citizens of the State of Ohio and will suffer irreparable damage for which they have no adequate remedy at law by being exposed to the continual open and notorious operation of lotteries, under the supervision and licensing by the defendants; that the relator, Sophie Borek, is the former wife of John Eugene Borek, and George Ann Borek, Gerald Borek and Patrick Borek are minor children of said John Eugene Borek and Sophie Borek; that because of the loss by said John Eugene Borek, in wagering at horse race tracks to which the respondent commission has heretofore issued permits and supervised horse-racing for a stake,

purse or award, with pari-mutuel type of wagering, of his wages and earnings needed for the support and maintenance of his family, they became destitute, in need and the said children were placed under the control of the Juvenile Court of Cuyahoga County, Ohio, and it is to eliminate the possibility of like occurrences in the Borek family and other families of Ohio citizens that the within action is filed.

Thus, it will be noted that status of the Boreks was different from that of Masterson in the particulars set out.

On February 16, 1956, a demurrer was filed to the petition "for the reason that it appears on the face of the petition that plaintiffs have not legal capacity to sue." On February 27, 1956, a judge of the Common Pleas Court filed a written decision, the first paragraph of which reads:

"Defendants' demurrer to the petition of plaintiffs is sustained because of a misjoinder of parties plaintiff."

Thereafter the Court discusses in a general way the underlying purpose of plaintiff, Masterson, in filing three suits against the defendants in this case. No specific discussion is had with respect to any of these cases. The last paragraph of this opinion reads:

"The reasoning and rulings of the former cases will be adhered to in holding that the plaintiff Masterson, either as a taxpayer or a citizen has failed to show that he is a proper plaintiff to appeal to this Court for the purpose indicated."

Pursuant to this decision an entry was prepared and journalized of date March 9, 1956. In the meantime, and before this entry was spread upon the record, plaintiffs indicated the purpose to reject the journal entry for two reasons, one, there is now pending before the Court a motion for reconsideration of said demurrer; two, if the motion of the plaintiffs is not granted, plaintiffs will elect to plead further in this matter.

The entry sustaining the demurrer reads:

"This cause being heard on the demurrer to petition, the Court, on consideration thereof, sustains the same because of a misjoinder of parties plaintiff. Plaintiffs are given leave to file an amended petition within this rule.

"To this order and ruling of the court plaintiffs except."

This entry was signed by the trial judge and all of counsel for the parties. In probability, it was prepared by counsel for the defendants.

Thereafter, on March 17, 1956, pursuant to the ruling on the demurrer, Charles P. Masterson, only, as a citizen, filed his amended petition for injunction and relief. The averments thereof were substantially the same as in the first petition except the omission of the names and status of the other parties-plaintiffs in the first petition. On this amended petition, summons and process were issued and served. Thereafter, on March 29, 1956, defendants moved the Court for an order "striking the amended petition from the files for the reason that the same is not responsive to the prior order of the Court in sustaining the special demurrer to the petition."

This motion to strike came on to another member of the Common

Pleas Court, who, after consideration, prepared a written opinion with which we have been favored. In this opinion, the judge reviews the proceedings in this case, from their inception and discusses the other cases in the various courts, Common Pleas, Court of Appeals, and Supreme, wherein Masterson was the party-plaintiff and wherein the action of the Courts was invoked in different forms of remedy. The judge refers to some of the language in the opinion sustaining the demurrer and as a conclusion, held that the entry journalizing his decision should recite that the original demurrer was sustained upon the ground that it appeared on the face of the original petition that plaintiffs have not legal capacity to sue.

The journal entry upon this decision recites that "This cause came on to be heard on defendants' motion to strike the amended petition from the files, and the Court upon consideration thereof finds (1) that the court, upon consideration of defendants' special demurrer to the original petition, sustained such demurrer upon the ground that it appeared on the face of the original petition that plaintiffs have not legal capacity to sue, (2) that the amended petition is not responsive to the court's ruling on such special demurrer, and (3) that such amended petition should accordingly be stricken from the files." The entry on the ruling on the motion recites that the amended petition should be stricken from the files and that the plaintiff electing to plead no further, it is adjudged and decreed that the defendants go hence without day, and recover from plaintiffs their costs herein expended.

It is from this order striking plaintiffs' amended petition from the files and dismissing his cause of action that the appeal is prosecuted.

At the outset it must be noted that the action upon the motion to strike was not upon demurrer. It invoked the consideration and decision of the trial judge upon one question, only, namely, did the filing of the amended petition wherein Masterson only was named as party plaintiff, disregard the ruling on the demurrer. It invoked consideration of no other infirmity in the pleading. The trial judge recognized the limitation on the question presented and did not attempt to exercise original judgment upon a demurrer and rested his decision and order strictly upon an interpretation of the order of the judge who passed on the demurrer.

It is academic to point out that the statutory grounds of demurrer §2309.08 (C) R. C. "The plaintiff has not legal capacity to sue" and (E) "There is a misjoinder of parties-plaintiff or defendant" are not identical. It is also necessary under §2309.09 R. C., that the ground of demurrer be specific.

The entry on the demurrer holding that the parties-plaintiffs were misjoined did not determine that either of them had not legal capacity to sue. The only manner in which plaintiffs could conform to the court's ruling on the demurrer was to amend by titling Masterson alone or the Boreks alone as party-plaintiff. This was done. Counsel for plaintiff Masterson in his memo on the motion to strike directed the attention of the Court to the journal entry reciting that the demurrer was sustained on the ground of misjoinder of parties-plaintiffs.

The premise upon which the amended petition was stricken from the files is not supported by the record. An entry has been defined as:

"A statement of a conclusion reached by the Court, or an act done during the progress of a cause, which is spread of record, and designed to furnish incontestable evidence of the matter stated." 30 C. J. S. 268.

Courts speak only through their records.

"Such records import absolute verity unless or until they are reversed or set aside, are conclusive as to those matters to which such records relate, and cannot be contradicted within the jurisdiction of the court nor are they subject to collateral attack." 21 C. J. S. 442, 443.

In the late case of **Andrews, et al. v. Board of Liquor Control, 164 Oh St 275,** the court exercised wide latitude in considering an opinion of the Court of Appeals in determining full meaning and effect of the language of the judgment under review. At page 281, of the opinion, Judge Stewart said:

"It is an invariable rule that a court speaks only through its journal, and where its opinion and its journal are in conflict, the latter controls and the former must be disregarded. **Will v. McCoy, 135 Oh St 241,** 20 N. E. (2d) 371. However, where it is essential in the interest of justice for a reviewing court to ascertain the grounds upon which a judgment of a lower court is founded, resort may be had to the opinion of the lower court to ascertain those grounds, where there is no conflict between the opinion and the journal."

Manifestly, here there is no conflict between the opinion and the entry journalizing the ruling on the demurrer upon the substantive question presented for decision. Resort to the opinion to contradict the express terms and language of the entry was without authority and without support.

We hold that the second assignment of error is well made.

These parties have been before several courts in different cases in all of which plaintiff was seeking determination on the merits of the cause upon which he predicated his various petitions, viz., that pari-mutuel betting on horse racing in Ohio is unconstitutional. All of them have been decided upon questions of procedure and in none of them has there been any adjudication upon the merits of the basic contention of the plaintiff.

We, therefore, feel that it would be a mistake for this Court to launch into an extended consideration of the question which both parties seek to have determined here in view of the error which we find to have been committed in the trial court in granting the motion to strike.

The order of the trial court will be reversed and the cause remanded for further proceedings according to law.

PETREE, PJ, MILLER, J, concur.